UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE A. MULLINS, # 688981,

        Petitioner,

v.                                            Case Number: 11-cv-14679

                                              HONORABLE STEPHEN J. MURPHY, III

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO HOLD
PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE (ECF No. 3) AND
DIRECTING CLERK TO CLOSE THIS CASE FOR ADMINISTRATIVE PURPOSES**

I.    Introduction

       This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner, Deandre A. Mullins, currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this *pro se* habeas petition challenging his 2008 convictions imposed by a Wayne County Circuit Court jury. Mullins was convicted in two separate cases, case number 08-000988-FC and case number 08-001477-FC. According to his pleadings, he is challenging the convictions in case number 08-001477-FC in the instant petition. Those convictions include two counts of first-degree criminal sexual conduct (CSC I) and one count of home invasion. Mullins was sentenced to concurrent prison terms of twenty-three years, nine months to sixty years for the CSC I convictions, and eleven years, nine months to twenty years for the home-invasion conviction.

       Pending before the Court is Mullins's "Motion to Hold Case in Abeyance," which was filed on October 25, 2011, along with his habeas petition. (ECF No. 3) In his motion,

Mullins requests a stay so he can return to the state courts to exhaust an additional claim relating to the effectiveness of trial counsel. For the reasons stated, the Court grants Mullins's motion and will hold the petition in abeyance, with conditions, until his state-court remedies have been exhausted.

II.     Background

Following his convictions and sentences, Mullins filed a direct appeal with the Michigan Court of Appeals, which affirmed his convictions. *People v. Mullins*, No. 286323, 2010 WL 99003 (Mich.Ct.App. Jan. 12, 2010). Mullins filed an application for leave to appeal that decision with the Michigan Supreme Court. The Supreme Court denied his application on October 26, 2010. *People v. Mullins*, 488 Mich. 910, 789 N.W.2d 484 (2010). Mullins neither filed a petition for writ of certiorari with the United States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, on October 25, 2011, he filed this petition, which was signed and dated on October 19, 2011.

III.    Discussion

A federal court may not grant habeas relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b)(1); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("*Habeas corpus* relief is available only if the applicant first exhausts remedies available in state court.") (emphasis in the original). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one complete round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court [and ask] the federal court to stay and abey the federal

habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)); *see also Lawrence v. Florida*, 549 U.S. 327, 331 (2007) (citing 28 U.S.C. § 2244(d)(2)).  Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims.  *Moritz v. Lafler*, No. 07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (Tarnow, J.) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)).

In *Rhines*, the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's [Antiterrorism and Effective Death Penalty Act] purposes."  *Rhines*, 544 U.S. at 276.  The *Rhines* Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments."  *Id.* (citations omitted).  In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce [ ] the importance of [ *Rose v.*] *Lundy's* 'simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court.'"  *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

The *Rhines* Court also stated that a stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay."  *Rhines*, 544 U.S. at 277-78.  "On the other hand, it likely would be an abuse of discretion for a court to deny a stay and to dismiss a mixed petition if the petitioner had good cause

for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

Applying the *Rhines* Court's analysis to this case, the Court finds that there is no indication that Mullins is engaging in intentional delay or abusive litigation tactics in requesting a stay. Furthermore, upon an initial review of the substance of the unexhausted issue, it does not appear that the claim is "plainly meritless." Finally, even though Mullins does not elaborate upon appellate counsel's alleged ineffectiveness in failing to raise the unexhausted claim at issue or any other "good cause" arguments, this Court is satisfied that the claim of ineffective assistance of appellate counsel itself in conjunction with Mullins's post-conviction actions and the substance of the unexhausted issue that he has shown "good cause" to justify the issuance of a stay in these proceedings.

Additionally, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking habeas relief due to the application of the one-year statute of limitations. *Rhines*, 544 U.S. at 276. The Court recognizes that the one-year limitations period applicable to this habeas action may pose a problem for Mullins if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Thus, the Court finds that Mullins has shown the need for a stay.

IV.   Conclusion

Accordingly, **IT IS ORDERED** that Mullins's Motion to Hold Case in Abeyance (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **HELD IN ABEYANCE** pending Mullins's exhaustion of his state-court remedies, provided that (i) he presents his

unexhausted claim to the state court within sixty (60) days from the date of this order, and (ii) he returns to this Court to request that the stay be lifted within sixty (60) days of exhausting his state-court remedies and files, in the above-captioned case, a motion to lift the stay and an amended petition adding the exhausted claim.

**IT IS FURTHER ORDERED** that the Clerk of the Court **CLOSE** this case for statistical purposes only, and upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case. Nothing in this order or in the related docket entry shall be considered a dismissal or a disposition of this matter.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 30, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager